# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JULIUS JEROME WALKER,     )
                                    )
           Petitioner,       )
                                    )
v.                                  )     **Case No. CIV 12-303-RAW-KEW**
                                    )
ROBERT PATTON, DOC Director,     )
                                    )
           Respondent.      )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Dkt. 25). Petitioner, an inmate currently incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his convictions and sentences in Muskogee County District Court Case No. CF-2008-374 for Assault and Battery with a Dangerous Weapon (Counts I, II, III, IV, XI, and XIII), Child Abuse (Counts V, VI, VII, and VIII), Assault and Battery with a Deadly Weapon (Count IX), Aggravated Assault and Battery (Count X), and Domestic Assault and Battery by Strangulation (Count XII). Following his blind plea of guilty, he was sentenced to life imprisonment on each count, with the sentences to run concurrently. He sets forth the following grounds for relief:

     I.      Appellate counsel was ineffective for failing to raise actual conflict of interest between trial judge and petitioner.

     II.      Appellate counsel was ineffective for failing to raise claim that counsel at hearing to withdraw guilty plea did not argue to modify Child Abuse charges to Child Endangerment.

     III.      Appellate counsel was ineffective for not arguing that petitioner's four

counts of Assault with a Vehicle should have been dismissed at motion hearing to withdraw pleas.

IV.   Because petitioner raised a claim of ineffective assistance of trial counsel, the district court erred when it permitted trial counsel to represent petitioner at the hearing on the motion to withdraw plea.

V.    Petitioner's counsel provided ineffective assistance at the hearing on the motion to withdraw plea.

VI.   Petitioner's multiple convictions and sentences arising from a single transaction violated the prohibition against multiple punishments for a single episode.

VII.  Under the facts and circumstances of this case, the sentences imposed were shockingly excessive.

The respondent alleges petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review.  The following records have been submitted to the court for consideration in this matter:

A.    Petitioner's motion to withdraw plea.

B.    Petitioner's direct appeal brief.

C.    The State's brief in petitioner's direct appeal.

D.    Summary Opinion Denying Petition for Writ of Certiorari.  *Walker v. State*, No. C-2010-1129 (Okla. Crim. App. Sept. 28, 2011).

E.    Petitioner's application for post-conviction relief, filed on February 3, 2012.

F.    Order denying petitioner's application for post-conviction relief, filed on March 15, 2012.

G.    Petitioner's petition in error to the Oklahoma Court of Criminal Appeals.

H.    Order Affirming Denial of Post-Conviction Relief. *Walker v. State*, No.

PC-2012-320 (Okla. Crim. App. June 25, 2012).

I.      Excerpts from petitioner's transcripts of sentencing hearing, hearing on motion to withdraw plea, and hearing on change of plea.

J.      Petitioner's Motion to Dismiss Charges of Double Jeopardy and to Modify My Charges, filed in the trial court on August 25, 2009.

K.      Petitioner's Motion for Judge Alford to Pick up Case No. CF-2008-374, filed in the trial court on September 11, 2009.

L.      Petitioner's waiver of jurisdiction to special judge, setting jury trial, filed on September 18, 2009.

M.      Petitioner's appeal of life sentence in CF-08-374, filed on November 12, 2010.

N.      Petitioner's appeal of his life sentences, filed on November 16, 2010.

O.      Portion of petitioner's plea form with Addendum B.

P.      Transcripts of the proceedings in Case No. CF-2008-374.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Ground I**

In Ground I petitioner alleges appellate counsel was ineffective in failing to allege that

trial counsel was ineffective because of the alleged conflict of interest between petitioner and the trial judge. The record shows that on August 25, 2009, petitioner filed a pro se motion to dismiss the charges based on double jeopardy. (Dkt. 13-10). On September 8, 2009, a hearing on the motion was held, and the Honorable Mike Norman denied the motion. On September 11, 2009, petitioner filed a motion for the Honorable Judge Alford "to pick up" his case, because Judge Norman was "showing vindictiveness" in not understanding the law and in disregarding petitioner's double jeopardy claim. (Dkt. 13-11). This apparently is the basis for claiming a conflict of interest between Judge Norman and petitioner.

The claim first was raised in petitioner's application for post-conviction relief, which was denied by the trial court. (Dkts. 13-5 & 13-6). The Oklahoma Court of Criminal Appeals (OCCA) affirmed, noting that "Petitioner's arguments regarding ineffective assistance of trial counsel and an alleged conflict of interest were raised on direct appeal." *Walker v. State*, No. PC-2012-320, slip op. at 2 (Okla. Crim. App. June 25, 2012) (Dkt. 13-8).

> While the claims were not raised in the exact manner they are being raised now, the substance of the claims were, and were rejected by this Court. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate at a different stage of the appellate process. Because those claims were previously raised and decided on direct appeal they are barred by *res judicata*. *Davis v. State*, 123 P.3d 243, 248 (Okla. Crim. App. 2005).

*Walker*, No. PC-2012-320, slip op. at 2.

The respondent concedes that petitioner's petition for a writ of certiorari only raised a claim of conflict of interest between petitioner and his trial counsel at the hearing on his motion to withdraw his guilty pleas. This was different from the alleged conflict between petitioner and the trial judge, as alleged in the post-conviction application. In the similar case

of *Stouffer v. Workman*, No. CIV-07-1312-C, 2011 WL 4916554 (W.D. Okla. Oct. 17, 2011) (unpublished), the Western District of Oklahoma held that when the OCCA incorrectly applied *res judicata* to a claim and did not reach the merits of the claim, a *de novo* review would be applied for habeas review. *Id.* (citing *Cone v. Bell*, 556 U.S. 449 (2009)). *See also Malicoat v. Mullin*, 426 F.3d 1241, 1248 (10th Cir. 2005) (applying *de novo* review when the OCCA had used a standard that did not comport with *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *cert. denied*, 547 U.S. 1181 (2006)).

In *Strickland* the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.*, 466 U.S. at 687. The *Strickland* test also applies to appellate counsel, *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985), but "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one," *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The basis of petitioner's claim is that his appellate counsel failed to argue that petitioner's trial counsel waived jurisdiction for a new judge to hear his case without petitioner's presence or permission. Petitioner argues there was a conflict of interest between Judge Norman and himself. In his application for post-conviction relief, petitioner claimed the alleged conflict arose from his motion for a different judge to hear his case.

The record shows that petitioner's case was assigned to Judge Norman, and the September 18, 2009, hearing was a disposition docket. The minute order entered that date stated, "Defendant waives jurisdiction to special judge. Set for jury trial." (Dkt. 13-12). The September 18, 2009, disposition docket was not held before Judge Norman, but rather before

a Special Judge.  *Id*.  The minute order shows that petitioner waived having the disposition docket held before Judge Norman, so his case could be set for jury trial.  There is nothing in the minute order indicating petitioner was absent from the proceeding or that he waived having his case heard in front of Judge Alford.

More important, petitioner was not entitled to have his case heard before a different judge simply because he did not agree with the ruling of the assigned judge.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Petitioner's motion to have Judge Alford hear his case clearly was frivolous.  As determined by the OCCA's Summary Opinion Denying Petition for Writ of Certiorari, "the record does not support a conclusion that an actual conflict of interest existed."  *Walker*, No. C-2010-1129, slip op. at 2.  Therefore, petitioner's trial counsel was not ineffective in failing to raise the issue of a non-existent conflict of interest between Judge Norman and petitioner.  Because this claim of ineffective assistance of trial counsel is meritless, petitioner's claim of ineffective assistance of appellate counsel also fails.  *See Willingham v. Mullin*, 296 F.3d 917, 934 n.6 (10th Cir. 2002) (where a petitioner's substantive claims are without merit, "separate consideration of the associated ineffective assistance claims is unnecessary.").  Ground I of this habeas petition fails.

**Ground II**

Petitioner next alleges his appellate counsel was ineffective in failing to argue the Child Abuse charges should have been reduced to Child Endangerment.  This claims also was first raised in petitioner's application for post-conviction relief, but again the OCCA did not specifically address the claim in denying the application.  Therefore, this claim will be reviewed *de novo*.  *See Malicoat*, 426 F.3d at 1248.

Petitioner's post-conviction argument for the reduction was based on a letter he received from the Oklahoma Department of Human Services (DHS) (Dkt. 13-5 at 23-24). The letter, dated August 29, 2008, was simply a notification from DHS that an investigation had been conducted regarding his children, and it was sent to petitioner at the county jail after the events that led to petitioner's charges in this case. The letter stated that because a child abuse/neglect investigation had been conducted on petitioner's family, he was entitled to notification of the findings of the investigation. *Id.* at 23. The overall finding was a recommendation for counseling services for the children's mother "to deal with the domestic violence that resulted in the children's father possibly going to prison for the second time. . . ." *Id.* at 23.

The record shows that while the mother was attempting to get the children into her car, petitioner rammed the mother's car with his own car, causing her son to fall out of the car and run to his grandmother. (Dkt. 13-9 at 2-4; Sent. Hrg. at 14, 19-20). The daughter remained in the car as the mother drove off with petitioner repeatedly ramming the mother's car with his car as she tried to escape. *Id.* The mother had no time to secure the child in the car, and as a result, the daughter was thrown about the car each time petitioner rammed into the mother's car. *Id.* These acts formed the basis of the Child Abuse charges to which he pled guilty. The DHS letter did nothing to justify reduction of the charges to Child Endangerment.

Petitioner's counsel was correct in not presenting the DHS letter at petitioner's hearing on his motion to withdraw guilty plea, because the letter did not concern petitioner's relationship with the children, and it was not the result of an investigation of his violent acts against the children. Because the letter was not relevant to the charges of Child Abuse,

counsel was not ineffective in not submitting it as evidence. The court finds petitioner has not shown counsel was ineffective under the standards *Strickland*, so Ground II also fails.

**Ground III**

Petitioner claims in Ground III that his appellate counsel was ineffective in failing to allege trial counsel was ineffective for not arguing at the hearing on the motion to withdraw plea that the four counts of Assault and Battery with a Dangerous Weapon (Counts 1-4, Petitioner's vehicle) should have been dismissed, because there were no photographs of his vehicle. This claim first was raised in the post-conviction application, but the OCCA did not specifically address it in the denial of the application. Again, the court with review the claim *de novo*, pursuant to *Malicoat*, 426 F.3d at 1248.

Petitioner argues his previous trial counsel raised at the preliminary hearing the fact that the police did not take any photographs of petitioner's vehicle. As discussed above, however, the victim testified that petitioner used his vehicle to chase down and ram her vehicle multiple times, while she was trying to escape from him. (Dkt. 13-9 at 2-4; Sent. Hrg. 14, 19-20). The prosecution introduced photographs of the victim's vehicle showing extensive damage consistent with her account of the events. *Id.* at 19-20. Furthermore, petitioner admitted to chasing down the victim and ramming her car multiple times. (Dkt. 13-9 at 7, Sent. Hrg. 49). Photographs of petitioner's car were not necessary to sustain the convictions, and petitioner has failed to show that trial counsel was ineffective on this claim under the requirements of *Strickland* discussed above. Because petitioner's claim of ineffective assistance of trial counsel is meritless, his claim of ineffective assistance of appellate counsel also fails. *See Willingham*, 296 F.3d at 934 n.6.

**Ground IV**

Petitioner asserts in Ground IV that the trial court erred when it allowed his trial counsel to represent him at the hearing on his motion to withdraw guilty plea. More specifically, he is claiming that because he raised a claim of ineffective assistance of counsel, the same trial counsel would have a conflict of interest in representing him at the motion hearing. Petitioner raised this claim in his petition for a writ of certiorari, and the OCCA addressed the claim on the merits, finding "the record does not support a conclusion that an actual conflict of interest existed and that the district court erred by permitting trial counsel to represent Petitioner at the hearing on the motion to withdraw." *Walker v. State*, No. C-2010-1129, slip op. at 2 (Okla. Crim. App. Sept. 28, 2011) (citing *Carey v. State*, 902 P.2d 1116, 1118 (Okla. Crim. App. 1995)) (Dkt. 13-4 at 2).

Under Oklahoma law, when a claim of ineffective assistance of counsel is raised on a motion to withdraw a plea of guilty, a criminal defendant is entitled to separate counsel to advance that argument. *Carey*, 902 P.2d at 1117-18. This is based on the fact that a hearing on a motion to withdraw a plea is a critical stage of a criminal prosecution at which a defendant has the right to counsel. *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993). Petitioner did not request new counsel at the hearing on the motion to withdraw and did not claim before or during the hearing that there was a conflict with his attorney.

On November 12, 2010, defense counsel filed a motion to withdraw petitioner's guilty plea but did not state the reasons for withdrawal. (Dkt. 13-1). On the same date, petitioner filed a *pro se* document captioned Appeal To The Life Sentence, stating simply that he "would like today to appeal the decision of the life sentence!" (Dkt. 13-13). On November 16, 2010, he filed an uncaptioned document seeking to appeal his life sentences. (Dkt. 13-14). A hearing on the motion to withdraw was held on November 22, 2010, and the

following exchange took place:

> MR. VICKERS [Defense Counsel]: I believe Mr. Walker would have some things that he would like to address to the court, Judge.
>
> THE DEFENDANT: He's going to address it.
>
> THE COURT: Who is going to address it? You or him?
>
> THE DEFENDANT: He was supposed to address his first, Your Honor.
>
> THE COURT: Okay. He's going to address his first and you're going to address yours second.
>
> There was a brief discussion before we went on the record that Mr. Vickers was concerned that you had some question about whether he had done a good job representing you. We asked whether you wanted this matter to be continued here or if you wanted to go ahead and have the hearing today. You indicated that you wanted to go ahead and have the hearing today.
>
> So on behalf of your motion, he'll present part of it, and you'll present part of it and then if you don't have it all covered, you'll come back and close it out. Is that a fair deal?
>
> THE DEFENDANT: Yes.

(Dkt. 13-9 at 9-10; Mot. Hrg. 3-4).

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Unless a trial court fails to afford a defendant the opportunity to establish a conflict between him and his counsel has the potential to imperil his right to a fair trial, "a reviewing court cannot presume that the possibility for conflict resulted in ineffective assistance of counsel." *Id*. "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting

interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler*, 446 U.S. at 348, 350).

After careful review, the court finds petitioner has not shown there was a conflict of interest with his counsel. Counsel was concerned that petitioner had some question about whether he had "done a good job" representing petitioner, but petitioner made no claim of a conflict with counsel. In fact, petitioner was in agreement that both he and counsel would speak at the motion hearing, and petitioner did not take the opportunity to postpone the hearing or request new counsel.

Defense counsel argued at the hearing on the motion to withdraw the pleas that petitioner "did not understand the gravity of the amount of punishment he was facing." (Dkt. 13-9 at 10; Mot. Hrg. 4). Petitioner told the court that he was taking the prescription medications Seroquel and amitriptyline while he was in jail, causing him "to make decisions that -- that was [sic] not accurate or I should not have made." (Dkt. 13-9 at 11-12; Mot. Hrg. 6-7).

Petitioner, however, raised no issue of a conflict with his attorney, and there was no reason for the court to have appointed different counsel at that point in the proceedings. Both petitioner and his attorney had the same interest in convincing the trial court to allow petitioner to withdraw his pleas. To demonstrate an actual conflict of interest, petitioner "must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party." *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998) (internal citations and quotations omitted). If a defendant makes this showing, prejudice is presumed. *Id*. at 1251 (citing *Cuyler*, 446 U.S. at 350).

Here, the court finds the OCCA's determination that there was no conflict of interest

and that there was no error in permitting trial counsel to represent petitioner at the hearing on the motion to withdraw is not contrary to, or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). The court further finds the decision by the OCCA was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(2). Therefore, this ground for habeas relief is meritless.

**Ground V**

Petitioner's Ground V alleges that trial counsel was ineffective at the hearing on the motion to withdraw guilty plea, because counsel (1) failed to properly articulate grounds for withdrawing the pleas in the motion filed in the trial court, and (2) failed to advocate for petitioner at the hearing, (3) failed to argue that the plea form was "confusing," and (4) failed to argue that petitioner was being punished more than once for the same crime. These claims were raised in petitioner's petition for a writ of certiorari to the OCCA, which addressed the issues on the merits and found "Petitioner has not shown that counsel's performance was deficient or that but for counsel's alleged unprofessional errors, the result of the proceeding would have been different." *Walker*, No. C-2010-1129, slip op. at 2 (citing *Strickland*, 466 U.S. at 694).

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). As set forth above in this opinion,

> . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the

Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . .

*Strickland*, 466 U.S. at 687.

Petitioner asserts his trial counsel was ineffective in failing to properly articulate grounds for withdrawing the pleas in the motion filed in the trial court. The motion simply stated that petitioner moved to withdraw the plea (Dkt. 13-1), and petitioner asserts this bare-bones motion could have caused him to lose review by the OCCA. Because the OCCA did review all of his claims, however, petitioner suffered no prejudice, and his ineffective assistance of trial counsel claim must fail. *See Allen v. Mullin*, 368 F.3d 1220, 1246 (10th Cir. 2004) (holding that when a petitioner is not prejudiced by counsel's alleged deficient performance, a claim of ineffective assistance of counsel fails).

Petitioner next suggests a number of grounds that could have been raised by trial counsel. The respondent alleges, however, that none of the potential grounds that could have been asserted would have been meritorious, so petitioner's claim of ineffective assistance of trial counsel fails. Petitioner asserts trial counsel failed to advocate for him at the hearing or call him to testify that he did not understand the gravity of his situation. As discussed above, however, the record shows that counsel actually did argue to the court that petitioner did not understand the gravity of his plea. In addition, petitioner was allowed to make his own statement to the court, but he was not able to establish that the pleas were not entered knowingly and voluntarily. The court finds that trial counsel advocated for petitioner, and there is no  showing of deficient performance or prejudice.

Petitioner next claims that trial counsel failed to argue that the plea form was

"confusing," and petitioner did not understand the range of punishment. A review of the form shows which counts carried punishment of up to life imprisonment. (Dkt. 13-15). Although the printed ranges of punishment were crossed out, because those were for first-time offenders, the applicable ranges for petitioner's crimes were handwritten on the face of the form and printed on Addendum "B." (Dkt. 13-15 at 1, 6). In addition, the transcript of petitioner's hearing on Change of Plea indicates petitioner was advised that each count could be punished with the maximum of a life sentence. (Dkt. 13-9 at 16-17; Chg. of Plea Tr. 12-13. At his sentencing, petitioner answered "Yes," when his attorney asked if he "understood the district attorney [was] asking for a life sentence." (Dkt. 13-9 at 6; Sent. Tr. 44).

"It is well-established that a defendant's statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1993) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Therefore, the court finds petitioner's claim that his trial counsel was ineffective in failing to argue that petitioner did not understand the range of punishment is meritless.

Finally, petitioner claims his trial counsel failed to argue he was being punished more than once for the same crime. The OCCA determined that all of the above claims in Ground V of this habeas petition were without merit, but found that trial counsel's performance was deficient on this final issue of Ground V:

> [W]e find that with the exception of Petitioner's claim that he was subjected to double punishment under 21 O.S. 2001, § 11, Petitioner has not shown that counsel's performance was deficient or that but for counsel's alleged unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694; *Davis*, 123 P.3d at 246. . . . [T]he record supports a finding that defense counsel's performance was deficient only to the extent that he did not raise the issue that Petitioner was punished twice for the

act of assaulting [the victim] with his feet which was alleged in both Count X
and Count XIII. . . .

*Walker*, No. C-2010-1129, slip op. at 2-3 (Dkt. 13-4). The OCCA found deficient performance for one of petitioner's ineffective assistance of counsel claims, and relief was granted. *Id.* Because the other claims in Ground V are meritless, trial counsel was not ineffective for failing to raise the issues in the motion to withdraw pleas. Further, the OCCA's determination of these claims was consistent with federal law under 28 U.S.C. § 2254(d). Therefore, habeas relief cannot be granted on Ground V.

**Ground VI**

Petitioner alleges in Ground VI that he was punished multiple times for the same crime, in violation of his state statutory right against double punishment pursuant to Okla. Stat. tit. 21, § 11. This claim was raised in the petition for a writ of certiorari, and the OCCA granted relief on one charge, and denied relief on the others. The OCCA found that "the crime of Assault and Battery with a Dangerous Weapon charged in Count XIII was based upon the same general act which formed part of the basis for the crime charged in Count X." *Walker*, No. C-2010-1129, slip op. at 3. Without consideration of any double jeopardy issue, because none was raised by petitioner, the OCCA also determined that "Counts IX, X, XI, and XII were based upon separate acts." *Id.* "Although all of these crimes occurred during the same violent encounter and in rapid succession, various weapons were used arguably making the crimes separate and distinct and not violative of the protection against double punishment afforded by section 11. *Id.* (citations omitted).

A federal habeas court is "bound to accept the Oklahoma court's construction of its state statutes, including § 11." *Dennis v. Poppell*, 222 F.3d 1245, 1257 (10th Cir. 2000)

(citations omitted), *cert. denied*, 534 U.S. 887 (2001). "[F]or double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Birr v. Shillinger*, 894 F.2d 1160, 1161 (10th Cir.) (citations omitted), *cert. denied*, 496 U.S. 940 (1990).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). Because petitioner's sixth ground for habeas relief is based on an issue of state law and did not deprive him of a fair proceeding or due process of law, this ground is not cognizable in a federal habeas action and must be dismissed.

## Ground VII

Ground VII of the petition alleges that his 12 concurrent life sentences are excessive. He does not, however, claim that his sentences are outside the limitation set by statute. This claim was raised in his petition for a writ of certiorari, and the OCCA found the sentences were not excessive. *Walker*, No. C-2010-1129, slip op. at 3.

> Sentences within the statutory range will be affirmed on appeal unless, considering all the facts and circumstances, they shock the conscience of this Court. *Rea v. State*, 2001 OK CR ¶ 5 n.3, 34 P.3d 148, 149 n.3. These sentences do not shock the conscience of the Court.

*Walker*, No. C-2010, slip op. at 3-4.

> We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law. *See Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987), *cert.*

> *denied*, 484 U.S. 1014 (1988); *see also Handley v. Page*, 398 F.2d 351, 352
> (10th Cir. 1968).  Generally, our review of a sentence ends once we determine
> the sentence is within the limitation set by statute.  *See Vasquez v. Cooper*,
> 862 F.2d 250, 255 (10th Cir. 1988).  In this case, the sentences [petitioner]
> received are within the statutory range of permissible punishment.

*Dennis*, 222 F.3d at 1258.  Because petitioner's sentences were within the statutory range

of permissible punishment, habeas relief is not warranted.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all

respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from

being served with a copy of this Report and Recommendation to file with the Clerk of the

Court any objections with supporting briefs.  Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and

legal questions.  *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United*

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 13th day of August, 2015.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**